*Ahmed v. Whitaker*

BIA
Poczter, IJ
A200 237 468

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of January, two thousand nineteen.

PRESENT:
       ROBERT A. KATZMANN,
           *Chief Judge*,
       JON O. NEWMAN,
       GUIDO CALABRESI,
           *Circuit Judges.*

_____

FAEZ AHMED,
       *Petitioner*,

       v.

MATTHEW G. WHITAKER, ACTING
UNITED STATES ATTORNEY GENERAL,
       *Respondent*.

_____

**17-378**
NAC

FOR PETITIONER:      Salim Sheikh, New York, NY.

FOR RESPONDENT:     Chad A. Readler, Acting Assistant Attorney General; Melissa Neiman-Kelting, Assistant Director; Jacob A. Bashyrov, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Faez Ahmed, a native and citizen of Bangladesh, seeks review of a January 9, 2017 decision of the BIA affirming a February 29, 2016 decision of an Immigration Judge ("IJ") denying Ahmed's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Faez Ahmed,* No. A 200 237 468 (B.I.A. Jan. 9, 2017), *aff'g* No. A 200 237 468 (Immig. Ct. N.Y. City Feb. 29, 2016). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues under review.

Under the circumstances of Ahmed's petition, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Security*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

First, we conclude that the agency reasonably relied on the record from Ahmed's credible fear interview. Although,

2

"adverse credibility determinations based on 'discrepancies' with a credible fear interview should be examined with care," *Ming Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir. 2009) (citing *Ramsameachire v. Ashcroft*, 357 F.3d 169, 180-81 (2d Cir. 2004)), "[w]here the record of a credible fear interview displays the hallmarks of reliability, it appropriately can be considered in assessing an alien's credibility," *id.*

The agency here reasonably found that the record from Ahmed's interview displayed such hallmarks. For example, the interview was conducted with an interpreter that Ahmed did not object to, Ahmed affirmatively declined to have an attorney present, a paralegal from Ahmed's attorney's office monitored the hearing, the interview was memorialized in a typed document in question and answer format, the questions posed were designed to elicit details of Ahmed's asylum claim, and Ahmed's responses indicated that he understood the questions. *See Ming Zhang*, 585 F.3d at 724-25. We also note that Ahmed's counsel did not object to the immigration judge's reliance on the interview record. Certified Admin. Rec. at 133 ("I don't have any objection").

Accordingly, we conclude, second, that substantial evidence supports the agency's determination that Ahmed was

not credible as to his claim that the Awami League attacked him six times for his work with the Bangladesh Nationalist Party ("BNP"). The agency reasonably found that Ahmed's statements at his credible fear interview were inconsistent with his testimony regarding when the Awami League first beat him and what happened during an alleged October 2010 attack. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Ahmed did not compellingly explain these inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotations omitted)).

The agency also reasonably relied on Ahmed's internally inconsistent testimony about a foot injury he claims he sustained during an alleged April 2010 attack. On direct examination, Ahmed said he was cut on his right foot but then changed his answer to his left foot. On cross-examination, Ahmed first said that his left foot was cut, but then said that his right foot was cut. And, while Ahmed's original written statement listed a cut to his left foot, he later revised it to reflect a cut to his right foot. *See* 8 U.S.C.

4

§ 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64; *see also Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("[A] single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence . . . And where an IJ's finding of fabrication (supported by substantial evidence) serves as a basis for discrediting other evidence, a reviewing court is in no position to conclude that the discrediting of the remaining evidence is unsupported by substantial evidence.").

Third, we conclude that the agency reasonably determined that Ahmed failed to rehabilitate his testimony with reliable corroborating evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). Among other things, the agency did not err in declining to afford significant weight to various written statements Ahmed submitted because the authors were not available for cross-examination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Y.C. v. Holder*, 741 F.3d 324,

5

334 (2d Cir. 2013) (deferring to agency's decision to afford little weight to relative's letter because it was unsworn and from an interested witness).

Finally, given Ahmed's inconsistent statements and lack of reliable corroboration, the agency correctly concluded that its adverse credibility determination was dispositive of Ahmed's asylum, withholding of removal, and CAT relief applications because all three were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, Ahmed's petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6